FILED

2010 FEB -5  PM 3: 54

CLERK U S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

E. JEFFREY GRUBE (SB# 167324)
jeffgrube@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

ELIZABETH A. BROWN (SB# 235429)
elizabethbrown@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

HALEY M. MORRISON (SB# 259913)
haleymorrison@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORREULLA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br>and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. _EDCV10-195 VAP (OPx)_<br><br>[Los Angeles Superior Court Case No. BC421912]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |



1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
2  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF
3  EDWARD TORREULLA, AND TO PLAINTIFF'S ATTORNEYS OF RECORD,
4  JOHN A. FURUTANI, ESQ., AND THE LAW OFFICES OF FURUTANI &
5  PETERS, LLP:
6
7       PLEASE TAKE NOTICE THAT Defendant United Parcel Service,
8  Inc. ("Defendant" or "UPS") hereby removes this action from the Superior Court of
9  the State California for the County of Los Angeles to the United States District
10  Court for the Central District of California. This removal is based on diversity of
11  citizenship, pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), for the
12  reasons stated below:
13
14       1.    On or about September 15, 2009, Plaintiff Edward Torreulla
15  ("Plaintiff") filed a Complaint in the Superior Court of the State of California for
16  the County of Los Angeles entitled: *"Edward Torreulla v. United Parcel Service,*
17  *Inc. and Does 1 through 25, inclusive,"* designated as Case No. BC421912 (the
18  "Action"). The Complaint alleges the following purported causes of action:
19  (1) discrimination; (2) violation of Government Code § 12940(k); and (3) violation
20  of public policy. A copy of the Complaint is attached as Exhibit "A" to the
21  Declaration of Elizabeth A. Brown ("Brown Decl."), filed with these removal
22  papers. The allegations of the Complaint are incorporated into this notice by
23  reference without necessarily admitting the truth of any of them.
24
25       2.    On January 11, 2010, UPS was served with process in the
26  Action. Brown Decl. ¶ 3. Defendants Does 1 through 25 are unnamed and
27  unknown, and, therefore, have not been served with the Complaint. Complaint ¶ 3.
28

1           3.    On January 19, 2010, UPS filed its Answer to the Complaint in

2    the Superior Court. Brown Decl. ¶ 4, Ex. B.

3

4           4.    On January 21, 2010, UPS filed a peremptory challenge

5    pursuant to California Code of Civil Procedure Section 170.6. The Los Angeles

6    Superior Court granted its peremptory challenge on January 28, 2010. Brown Decl.

7    ¶ 9, Exs. H, I and J.

8

9           5.    This Notice of Removal is being filed within thirty (30) days

10    after receipt by UPS of a copy of the initial pleading setting forth the claim for

11    relief upon which this Action is based, and is timely filed pursuant to 28 U.S.C.

12    Section 1446(b).

13

14           6.    In accordance with 28 U.S.C. Section 1446(d), UPS will,

15    promptly after filing the Notice of Removal, give written notice of the removal to

16    the adverse party and will file a copy of this Notice of Removal with the Clerk of

17    the Court of the Superior Court of the State of California for the County of Los

18    Angeles. Copies of these Notices are attached as Exhibits F and G, respectively, to

19    the Brown Declaration. Proof of service of the Notice to Superior Court of

20    Removal to Federal Court and of the Notice to Adverse Party of Removal to

21    Federal Court will be filed with this Court immediately after the Superior Court

22    filing is accomplished. Brown Decl. ¶ 8.

23

24        **REMOVAL IS BASED UPON DIVERSITY JURISDICTION**

25

26           7.    The Complaint and each alleged cause of action contained

27    therein, properly may be removed on the basis of diversity of citizenship

28    jurisdiction, in that it is a civil action between citizens of different states and the

1    matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2    28 U.S.C. §§ 1332 and 1441.

3

4          8.    Plaintiff was and is a citizen of the State of California, county of

5    San Bernardino.  Complaint ¶ 1; Brown Decl. ¶¶ 6, 7, Exs. D, E.

6

7          9.    UPS now is, and was at the time this action was commenced, a

8    citizen of the State of Ohio and the State of Georgia within the meaning of 28

9    U.S.C. Section 1332(c)(1), because it is now, and was at the time this action was

10   commenced, incorporated under the laws of the State of Ohio, and its principal

11   place of business was and is in the State of Georgia.  Declaration of Ryan Swift ¶ 3.

12

13         10.   The presence of Doe defendants in this case has no bearing on

14   diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of

15   removal under this chapter, the citizenship of defendants sued under fictitious

16   names shall be disregarded.").

17

18         11.   The amount in controversy in this Action exceeds $75,000.

19   Plaintiff's failure to specify in the Complaint the total amount of damages Plaintiff

20   seeks does not deprive this Court of jurisdiction.  *See White v. J.C. Penney Life Ins.*

21   *Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove a suit to

22   federal court notwithstanding the failure of plaintiff to plead a specific dollar

23   amount in controversy; if the rules were otherwise, "any plaintiff could avoid

24   removal simply by declining . . . to place a specific dollar value upon its claim").  In

25   determining whether a complaint meets the $75,000 threshold of 28 U.S.C.

26   Section 1332(a), a court may consider the aggregate value of claims for

27   compensatory and punitive damages, as well as attorneys' fees.  *See, e.g., Bell v.*

28   *Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and

1   punitive damages are recoverable under a complaint, each must be considered to the
2   extent claimed in determining jurisdictional amount.") (footnote omitted);
3   *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982) (attorneys' fees
4   may be taken into account to determine jurisdictional amount).
5
6        12.   UPS is informed and believes, and on that basis alleges without
7   admitting, that the amount in controversy in this Action exceeds $75,000, exclusive
8   of interest and costs, on the following grounds:  On January 19, 2010, counsel for
9   UPS sent Plaintiff's counsel a letter asking whether Plaintiff would stipulate that
10  the amount in controversy does not exceed $75,000. Brown Decl. ¶ 5, Ex. C. As of
11  February 4, 2010, Plaintiff's counsel had not formally responded to counsel for
12  UPS regarding the letter, although Plaintiff's counsel had orally reiterated that he
13  does not intend to oppose removal and that the amount in controversy is as stated in
14  his Case Management Conference statement. Brown Decl. ¶ 5. UPS does not
15  admit that it failed to pay any wages or monies owed to Plaintiff; in fact, UPS
16  denies that it is liable to Plaintiff in any amount.
17
18       13.   On January 20, 2010, Plaintiff served on UPS his Case
19  Management Statement. Brown Decl. ¶ 6, Ex. D. In his Case Management
20  Statement, Plaintiff indicated that his damages exceed $100,000 and that he did not
21  intend to oppose removal. *Id.* Plaintiff's counsel also acknowledged receipt of the
22  January 19, 2010 letter from UPS's counsel, and attached it thereto. *Id.*
23
24       14.   Because Plaintiff and UPS are citizens of different states, and
25  because the Court may disregard the citizenship of Doe defendants, there is
26  complete diversity between the parties.  Furthermore, since there is complete
27  diversity and since the amount in controversy threshold is met, the requirements for
28  removal under 28 U.S.C. Sections 1332(a) and 1441(a) are satisfied.  Therefore, the

1    Court has original jurisdiction over the Complaint, and each alleged cause of action

2    contained therein, under 28 U.S.C. Section 1332. The Complaint may be removed

3    to this Court pursuant to the provisions of 28 U.S.C. Section 1441.

4

5            WHEREFORE, pursuant to the provisions of Title 28, Sections 1332

6    and 1441 of the United States Code, UPS removes the above action to this Court.

7

8    Dated: February 5, 2010        E. JEFFREY GRUBE
                                     ELIZABETH A. BROWN
9                                    HALEY M. MORRISON
                                     PAUL, HASTINGS, JANOFSKY & WALKER LLP
10

11

12                                   By:_____
                                            ELIZABETH A. BROWN
13

14                                   Attorneys for Defendant
                                     UNITED PARCEL SERVICE, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED PARCEL SERVICE,INC. and DOES 1 through 25,
inclusive

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 15 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY GWAIN

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EDWARD TORREULLA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>111 N. Hill Street<br>Los Angeles, CA 90012<br><br>Central District | CASE NUMBER:<br>*(Número del Caso):*<br>BC421912 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John A. Furutani, Esq, CSB 161757     (626) 844-2437
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105

DATE: SEP 15 2009             Clerk, by _____, Deputy
*(Fecha)*                      John A. Clarke *(Secretario)*   D.M. Swain *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* UNITED PARCEL SERVICE, INC.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                    Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 15 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

1  John A. Furutani [SBN #161757]
   FURUTANI & PETERS, LLP
2  350 W. Colorado Blvd., Suite 200
   Pasadena, CA 91105
3  Telephone: (626) 844-2437
   Facsimile: (626) 844-2442
4  E-mail: JAFurutani@furutani-peters.com

5  Attorneys for Plaintiff

6

7                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                          COUNTY OF LOS ANGELES

9                          (Unlimited Jurisdiction)

10                                              BC421912

11 EDWARD TORREULLA,                    Case No.:

12     Plaintiff,                       **COMPLAINT FOR DAMAGES**

13                                      **(1) Discrimination**
                                        **(2) Violation of Government Code**
14 v.                                   **§12940(k)**
                                        **(3) Violation Of Public Policy**
15 UNITED PARCEL SERVICE, INC. and DOES
   1 through 25, inclusive,             **DEMAND FOR JURY TRIAL**
16

17     Defendants.

18

19
          Plaintiff EDWARD TORREULLA alleges as follows:
20
                        **GENERAL ALLEGATIONS**
21
          1.    Plaintiff EDWARD TORREULLA (hereinafter "TORREULLA") is currently a
22
   resident of California.
23
          2.    At all times relevant herein, defendant United Parcel Service, Inc. (hereinafter
24
   "UPS") was and is a corporation, the state of incorporation is unknown.  UPS does business in
25
   Los Angeles County, California.
26

27                                        -1-

3.    TORREULLA sues fictitious defendants DOES 1-25 because their names and/or capacities and/or facts showing them to be liable are not known presently.  On information and belief, TORREULLA alleges that their entities and/or capacities shall be ascertained through discovery.  TORREULLA will seek leave to amend this complaint to show their true names and capacities when the same has been ascertained.  On information and belief, TORREULLA alleges that each defendant designated herein as fictitious defendants were in some manner responsible for the occurrences and damages alleged herein.

4.    TORREULLA is informed and believes and thereon alleges that each of the defendants herein, including those fictitiously named, were at all times relevant to this action, the agent, employer, partner, supervisor, managing agent, joint venturer, alter ego or part of an integrated enterprise of the remaining defendants and each were acting within the course and scope of that relationship.

5.    TORREULLA is further informed and believes and thereon alleges that each of the defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining defendants, including those fictitiously named defendants.

6.    TORREULLA worked for UPS in its San Gabriel facility as a preload manager.

7.    In or about late 2006 or early 2007, plaintiff was demoted from his manager position due to his race.

8.    On or about June 17, 2009, plaintiff obtained a Right to Sue Notice from the U.S. Equal Employment Opportunity Commission ("EEOC") and believes that the EEOC also obtained a right to sue letter on plaintiff's behalf from the California Department of Fair Employment and Housing.

### FIRST CAUSE OF ACTION

### (for Discrimination against all defendants)

9.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 8 and incorporates them herein as though fully set forth.

-2-

COMPLAINT FOR DAMAGES

10.     This action is brought pursuant to Government Code § 12940(a) and the applicable federal laws relating to discrimination, all of which prohibit an employer from discriminating against a person because of such person's race, among other things.

11.     At all times mentioned herein, UPS regularly employed five or more persons in California, and over 100,000 persons worldwide, thereby bringing UPS within the provisions of Government Code § 12900 et seq., prohibiting employers or their agents from discriminating against employees on the basis of a mental disability.

12.     UPS and Does 1 to 25 discriminated against plaintiff because of plaintiff's race, and demoted plaintiff from his manager position due to his race.

13.     The conduct of UPS and Does 1 to 25 as alleged herein constitutes an unlawful employment practice in violation of Government Code § 12940 and applicable federal law.

14.     As a direct, foreseeable and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to plaintiff's damage in an amount according to proof, which exceeds the minimum jurisdictional requirements of this Court.

15.     Defendants UPS and Does 1 to 25, and each of them, committed the acts described above oppressively, fraudulently and maliciously, and in conscious disregard of plaintiff's rights. Therefore, plaintiff is entitled to an award of punitive damages in an amount according to proof.

## SECOND CAUSE OF ACTION

**(for Violation of Government Code § 12940(k) against all defendants)**

16.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 15 and incorporates them herein as though fully set forth.

COMPLAINT FOR DAMAGES

17.    Government Code § 12940(k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

18.    UPS and Does 1 to 25 violated their duties under Government Code § 12940(k) and committed an unlawful employment practice by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring to plaintiff while plaintiff was employed by UPS, and by actively participating in discrimination against plaintiff due to his race.

19.    As a direct, foreseeable and proximate result of defendants' violation of Government Code § 12940(k), plaintiff became a victim of discrimination and has suffered, and continues to suffer, damages in an amount according to proof, but which exceeds the minimum jurisdictional requirements of this Court.

20.    Defendants UPS and Does 1 to 25, and each of them, violated Government Code § 12940(k) in conscious disregard of plaintiff's rights, and are guilty of oppression and malice. Therefore, plaintiff is entitled to an award of punitive damages in an amount according to proof.

## THIRD CAUSE OF ACTION

### (for Violation of Public Policy against all defendants)

21.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 20 and incorporates them herein as though fully set forth.

22.    Government Code § 12920 provides that it is the public policy of the State of California that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation. Federal laws also protect plaintiff from discrimination based on race.

-4-

COMPLAINT FOR DAMAGES

23.    UPS and Does 1 to 25 violated public policy by among other things, discriminating against plaintiff due to plaintiff's race, by wrongfully demoting plaintiff on the alleged acts when the same acts were performed by other, white employees with no repercussions and no demotions or discipline imposed. Such conduct was in contravention to federal law and California's Fair Employment and Practices Act.

24.    As a direct, foreseeable and proximate result of UPS's and Does 1 to 25's violations of the public policy of the State of California, plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount according to proof.

25.    Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive and intentional manner in order to injure and damage plaintiff, plaintiff hereby requests the assessment of punitive damages against UPS and Does 1 to 25 in an amount appropriate to punish and make an example of UPS and Does 1 to 25.

WHEREFORE, plaintiff demands judgment against defendants, and each of them:

**ON THE FIRST, SECOND AND THIRD CAUSES OF ACTION**

1.    For damages in an amount according to proof;

2.    For punitive damages in an amount according to proof;

3.    For costs of suit incurred herein;

4.    For reasonable attorney's fees as provided by statute, including Government Code § 12965(b); and

5.    For such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES

Date: September 15, 2009                FURUTANI & PETERS, LLP

By: _____
                                        JOHN A. FURUTANI
                                        Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Date: September 15, 2009                FURUTANI & PETERS, LLP

By: _____
                                        JOHN A. FURUTANI
                                        Attorneys for Plaintiff

-6-

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John A. Furutani, Esq. CSB 161757<br>Furutani & Peters, LLP<br>350 W. Colorado Blvd., Suite 200<br>Pasadena, CA 91105<br>TELEPHONE NO.: 626-844-2437    FAX NO.:<br>ATTORNEY FOR (Name): plaintiff | **CONFORMED COPY<br>OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>SEP 15 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>DOROTHY SWAIN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Torreulla v. UPS

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC421912 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: Sept. 15, 2009
John A. Furutani
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| SHORT TITLE: Torreulla v. UPS | CASE NUMBER: B C 4 2 1 9 1 2 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐YES    LIMITED CASE? ☐YES    TIME ESTIMATED FOR TRIAL 7____ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | Type of Action B<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: Torreulla v. UPS | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons -See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Judicial Review Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE

Case Number _____ BC421912

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West* | 311 | CCW |
| Pending Assignment | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90...). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on th... outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court... Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____  JOHN A. CLARKE, Executive Officer/...
                                                                          By _____, Deputy

LACIV CCH 190 (Rev. 04-09)          NOTICE OF CASE ASSIGNMENT –          Pa...
LASC Approved 05-06                  UNLIMITED CIVIL CASE

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil** only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May <u>Not</u> Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May <u>Not</u> Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**  The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-8130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

**ORIGINAL FILED**

NOTICE SENT TO:

Furutani, John A., Esq.
Furutani & Peters, LLP
350 W. Colorado Blvd., Suite 200
Pasadena,          CA  91105

FILE STAMP

OCT 09 2009

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

EDWARD TORREULLA

                                          Plaintiff(s),

VS.

UNITED PARCEL SERVICE INC

                                          Defendant(s).

CASE NUMBER

BC421912

### NOTICE OF CASE MANAGEMENT CONFERENCE

#### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>January 22, 2010</u> at <u>8:30 am</u> in <u>Dept. 33</u> at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 **calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>October 9, 2009</u>

                                          Judicial Officer
                                          **CHARLES F. PALMER**

#### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ X ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: <u>October 9, 2009</u>

                                          John A. Clarke, Executive Officer/Clerk

                                          by _____, Deputy Clerk

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     E. JEFFREY GRUBE (SB# 167324)
2    jeffgrube@paulhastings.com
     55 Second Street
3    Twenty-Fourth Floor
     San Francisco, CA 94105
4    Telephone: (415) 856-7000
     Facsimile: (415) 856-7100
5
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
6    ELIZABETH A. BROWN (SB# 235429)
     elizabethbrown@paulhastings.com
7    515 South Flower Street
     Twenty-Fifth Floor
8    Los Angeles, CA 90071
     Telephone: (213) 683-6000
9    Facsimile: (213) 627-0705
10   PAUL, HASTINGS, JANOFSKY & WALKER LLP
     HALEY M. MORRISON (SB# 259913)
11   haleymorrison@paulhastings.com
     4747 Executive Drive
12   Twelfth Floor
     San Diego, CA 92121
13   Telephone: (858) 458-3000
     Facsimile: (858) 458-3005
14
15   Attorneys for Defendant
     UNITED PARCEL SERVICE, INC.
16
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
17
                        COUNTY OF LOS ANGELES
18
19
     EDWARD TORREULLA,                          CASE NO. BC421912
20
                      Plaintiff,                **ANSWER OF DEFENDANT UNITED**
21                                              **PARCEL SERVICE, INC. TO**
             vs.                                **PLAINTIFF'S UNVERIFIED COMPLAINT**
22
     UNITED PARCEL SERVICE, INC. and
23   DOES 1 through 25, inclusive,,             Dept:      33
                                                Judge:     Charles F. Palmer
24                    Defendants.
                                                Complaint Filed:   September 15, 2009
25                                              Trial Date:  None
26
27
28
     LEGAL_US_W # 63693171.3

                 ANSWER OF DEFENDANT UNITED PARCEL SERVICE, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 19 2010

John A. Clarke, Executive Officer/Clerk

By                    , Deputy
   NANCY ALVAREZ

1  TO PLAINTIFF EDWARD TORREULLA AND TO HIS ATTORNEYS OF RECORD, JOHN

2  A. FURUTANI AND FURUTANI & PETERS, LLP:

3

4          Defendant United Parcel Service, Inc. ("Defendant"), for itself alone and no other

5  defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiff Edward Torreulla

6  ("Plaintiff") as follows:

7

8          1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

9  Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

10

11         2.      Defendant further denies, generally and specifically, that Plaintiff is

12  entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all,

13  by reason of any act or omission on the part of Defendant, or any of its past or present agents,

14  representatives, or employees.

15          Without admitting any facts alleged by Plaintiff, Defendant also pleads the

16  following separate and affirmative defenses to the Complaint:

17

18              SEPARATE AND AFFIRMATIVE DEFENSES

19

20              FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21

22         3.      The Complaint, and each of its causes of action, fails to state facts

23  sufficient to constitute a cause of action.

24

25              SECOND SEPARATE AND AFFIRMATIVE DEFENSE

26

27         4.      The Complaint, and each of its causes of action, is barred in whole or in

28  part by all applicable statutes of limitation, including but not limited to those under California

ANSWER OF DEFENDANT UNITED PARCEL SERVICE, INC.

1    Government Code sections 12960 *et seq,* and California Code of Civil Procedure sections 335.1,

2    338 and 340.

3

4    <u>THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

5

6         5.    Plaintiff waived the right, if any, to pursue the Complaint, and each of its

7    causes of action, by reason of Plaintiff's own actions and course of conduct.

8

9    <u>FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

10

11         6.    Plaintiff is estopped from pursuing the Complaint, and each of its causes of

12    action, by reason of Plaintiff's own actions and course of conduct.

13

14    <u>FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

15

16         7.    The Complaint, and each of its causes of action, is barred, in whole or in

17    part, by the after-acquired evidence doctrine.

18

19    <u>SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

20

21         8.    The first, second and third causes of action are barred because all of

22    Defendant's actions with respect to Plaintiff were taken solely for legitimate, business-related

23    reasons unrelated to race.

24

25    <u>SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

26

27         9.    Plaintiff's first, second and third causes of action are barred because

28    Defendant did not commit the acts or omissions alleged in the Complaint for discriminatory

LEGAL_US_W # 63693171.3       -3-

1    motives, but assuming that it did, such acts or omissions would have been taken in any event for

2    legitimate, non-discriminatory, non-pretextual reasons.

3

4                 <u>EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

5

6           10.     The first, second and third causes of action are barred because Plaintiff

7    failed to exhaust all available administrative remedies, and/or otherwise failed to comply with the

8    statutory prerequisites to the bringing of this action, pursuant to the California Fair Employment

9    and Housing Act, California Government Code section 12960 *et seq.* and Title VII of the Civil

10    Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

11

12                 <u>NINTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

13

14           11.     To the extent that in the first and second causes of action Plaintiff

15    complains about matters occurring more than one year prior to the date on which Plaintiff

16    allegedly filed a complaint with the California Department of Fair Employment and Housing

17    and/or more than 300 days before the date on which Plaintiff allegedly filed a charge with the

18    Equal Employment Opportunity Commission, the Court lacks jurisdiction with respect to any

19    such matters.

20

21                 <u>TENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

22

23           12.     To the extent that in the first and second causes of action Plaintiff

24    complains about matters that were not reasonably within the scope of any complaint or charge

25    Plaintiff allegedly filed with the California Department of Fair Employment and Housing and/or

26    the Equal Employment Opportunity Commission, the Court lacks jurisdiction with respect to any

27    such matters.

28

ANSWER OF DEFENDANT UNITED PARCEL SERVICE, INC.

1

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3      13.    The first, second and third causes of action are barred because Defendant

4  exercised reasonable care to prevent and correct promptly discriminating behavior, if any, and

5  Plaintiff unreasonably failed to avoid the consequences of the actions about which he complains

6  by taking advantage of the preventive or corrective opportunities provided by Defendant or

7  otherwise to avoid harm.

8

9

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

10

11      14.    Plaintiff may not recover punitive damages because at all times relevant to

12  the Complaint, UPS had in place a policy to prohibit discrimination in the workplace and made

13  good-faith efforts to implement and enforce that policy.

14

15

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16

17      15.    Plaintiff is not entitled to recover any punitive or exemplary damages as

18  prayed for in Plaintiff's Complaint, and any allegations with respect thereto should be stricken,

19  because California's laws regarding the alleged conduct in question in this action are too vague to

20  permit the imposition of punitive damages, and because any award of punitive or exemplary

21  damages under California law in general, and/or any such award under California law as applied

22  to the facts in this case, would violate Defendant UPS's constitutional rights under provisions of

23  the United States and California Constitutions, including, but not limited to, the due process

24  clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the

25  excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United

26  States Constitution.

27

28

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.    Recovery by Plaintiff is barred to the extent that Plaintiff failed to mitigate, or reasonably attempt to mitigate, his damages, if any, as required by law.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2.    That Defendant be awarded its reasonable costs and attorneys' fees; and

3.    That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED:  January 19, 2010          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                  E. JEFFREY GRUBE
                                  ELIZABETH A. BROWN
                                  HALEY M. MORRISON

                                  By: _____
                                              ELIZABETH A. BROWN

                                  Attorneys for Defendant
                                  UNITED PARCEL SERVICE, INC.

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA                          )
                                                  ) ss:
3    CITY OF LOS ANGELES AND COUNTY OF LOS        )
     ANGELES                                      )

4

5          I am employed in the City of Los Angeles and County of Los Angeles, State of
6    California.  I am over the age of 18, and not a party to the within action.  My business address is
     515 South Flower Street, Suite 2500, Los Angeles, CA  90071.

7          On January 19, 2010, I served the foregoing document(s) described as:

8    **ANSWER OF DEFENDANT UNITED PARCEL SERVICE, INC. TO PLAINTIFF'S
     UNVERIFIED COMPLAINT**

9

10   on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
     addressed as follows:

11

12         John A. Furutani, Esq.
           Law Offices of Furutani & Peters, LLP
13         350 West Colorado Blvd., Suite 200
           Pasadena, CA  91105

14

15   ☐    **VIA OVERNIGHT MAIL:**

           VIA UPS Next Day Air:  By delivering such document(s) to an overnight mail
16         service or an authorized courier in a sealed envelope or package designated by the
           express service courier addressed to the person(s) on whom it is to be served.

17   ☒    **VIA U.S. MAIL:**

18         I am readily familiar with the firm's practice of collection and processing of
           correspondence for mailing.  Under that practice such sealed envelope(s) would be
19         deposited with the U.S. postal service on January 19, 2010 with postage thereon
           fully prepaid, at Los Angeles, California.

20         I declare under penalty of perjury under the laws of the State of California that the
21   above is true and correct and was executed on January 19, 2010, at Los Angeles, California.

22   Irma Gamino                                   _____
     Type or Print Name                           Signature

23

24

25

26

27

28

PROOF OF SERVICE

```
L.A.S.C. - FILINGS #32
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID:  01/19/10  03:47:16 PM
RECEIPT #:   CCH451233073

CIT/CASE: BC421912 LEA/DEF#:

PAYMENT:  $355.00              0310
RECEIVED:
         CHECK:      355.00
         CASH:
         CHANGE:
         CARD:
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 195 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| EDWARD TORREULLA | UNITED PARCEL SERVICE, INC., AND DOES 1 TO 25 |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>San Bernardino | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>State of Ohio (Incorporation); and Georgia (Principal Place of Business) |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>John A. Furutani, FURUTANI & PETERS, LLP<br>350 W. Colorado Bl., Suite 200, Pasadena, CA 91105 | Attorneys (If Known)<br>E. JEFFREY GRUBE (SB# 167324), 55 Second Street, 24th Floor, San Francisco, CA 94105<br>ELIZABETH A. BROWN (SB# 235429), 515 S. Flower Street, 25th Floor, Los Angeles, CA 90071<br>HALEY M. MORRISON (SB# 259913), 4747 Executive Drive, 12th Floor, San Diego, CA 92121<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ Not Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332 and 1441. Plaintiff alleges discrimination and retaliation based on race.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: EDCV 10 - 195

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

LEGAL_US_W # 63717518.1

American LegalNet, Inc.
www.USCourtForms.com

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

San Bernardino, California

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Defendant United Parcel Service, Inc. is a citizen of the State of Ohio and the State of Georgia.

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles, California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_ Date 2|5|10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                                      CIVIL COVER SHEET                                      Page 2 of 2

LEGAL_US_W # 63717518.1

American LegalNet, Inc.
www.USCourtForms.com